UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

BRUCE GOLDSTEIN and UNIVERSAL                    Civil Case No. 12-cv-3460 HB
MANAGEMENT, INC.,                                ECF CASE


                          Plaintiffs,                    **NOTICE OF REMOVAL**


--against—

THWAPR, INC.,

                          Defendant.
--------------------------------------------------------X

       Pursuant to Local Civil Rule 81.1 of the U.S. District Courts for the Southern District of New York, 28 U.S.C. §§ 1332 and 1441, Defendant THWAPR, Inc. ("THWAPR") hereby files this Notice of Removal, removing to the United States District Court for the Southern District of New York the case brought by plaintiffs Bruce Goldstein("Goldstein") and Universal Management, Inc. ("Universal") (collectively, the "Plaintiffs") in the Supreme Court of the State of New York, County of New York, Index No. 650952/2012.  In support of its Notice and grounds for removal, THWAPR respectfully states as follows:

1.      On April 17, 2012, THWAPR was personally served with the Summons and Verified Complaint (attached hereto as "Exhibit A"), initiating this matter.

2.      This Notice of Removal is filed within thirty (30) days after THWAPR's receipt of service of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(b).

3.      According to the Summons and Complaint, plaintiff Goldstein is an individual residing at 300 Mercer Street, New York, New York.

4.     According to the Summons and Complaint, plaintiff Universal is a Florida corporation wholly owned by plaintiff Goldstein.  Universal's principal place of business is 6620 N.W. 24th Terrace, Boca Raton, Florida, 33496.

5.     THWAPR is a Nevada corporation with its principal place of business located at 401 S. Rampart Boulevard, Suite 390, Las Vegas, Nevada, 89145.

6.      Plaintiffs' Complaint alleges that THWAPR breached its contract with Plaintiffs, resulting in damages in excess of the $75,000 requirement in 28 U.S.C. § 1332.

7.     For the foregoing reasons, this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1), as it is a matter between citizens of different states with the matter in controversy exceeding $75,000.00 exclusive of interests and costs.  Removal is proper under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction.

8.     Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because THWAPR is not a citizen of New York County, the district in which this action was brought.

9.     A Notice of Filing of Notice of Removal, will be filed in the Supreme Court of New York County of New York, with copies served on counsel of record, pursuant to 28 U.S.C. §§ 1446(a) and (d).

10.     By filing this Notice of Removal, THWAPR does not waive any defenses, including, but not limited to, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHEREFORE, Defendant THWAPR hereby gives notice that the above-referenced action now pending against it in the Supreme Court of New York County, New York has been removed therefrom to this Court.

DATED:          April 30, 2012

Respectfully submitted,

**HUNTER TAUBMAN WEISS LLP**

 /s/ Mark David Hunter
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Weiss LLP
255 University Drive
Coral Gables, Florida 33134
Telephone:      305-629-8816
Facsimile:      305-629-8877
E-Mail:          mdhunter@htwlaw.com
                 jsardella@htwlaw.com

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on April 30, 2012 to the following parties via U.S. Mail:

Judah S. Shapiro, Esq.
630 Third Avenue
New York, New York 10017


/s/ Mark David Hunter
Mark David Hunter

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
BRUCE GOLDSTEIN AND UNIVERSAL
MANAGEMENT, INC.,

                    Plaintiffs,

    -against-

THWAPR, INC.,

                    Defendant.
-------------------------------------------------------------------X

Index No.

**SUMMONS**

Venue is based upon
Plaintiffs' residence and
Defendant's place of
business

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 27, 2012
      New York, New York

                                 JUDAH S. SHAPIRO (JS4921)
                                 Attorney for Plaintiffs
                                 630 Third Avenue
                                 New York, New York 10017
                                 (212) 953-6633

                                 151 North Main Street
                                 New City, New York 10956
                                 (845) 634-8000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
BRUCE GOLDSTEIN AND UNIVERSAL
MANAGEMENT, INC.,

                              Plaintiffs,

                                                    **VERIFIED**
        -against-                                   **COMPLAINT**

THWAPR, INC.,

                              Defendant.
------------------------------------------------------------------------X

        Plaintiffs, **BRUCE GOLDSTEIN and UNIVERSAL MANAGEMENT, INC.** by their

attorney, **JUDAH S. SHAPIRO, ESQ**, complaining of the Defendant, set forth the following as

and for their Verified Complaint:

## THE PARTIES

1.      Bruce Goldstein is a resident at 300 Mercer Street in the City and County of New

        York.

2.      Universal Management, Inc. ("Universal") is a Florida corporation wholly owned

        by Bruce Goldstein.

3.      Upon information and belief, THWAPR, Inc. is a Nevada Corporation.

4.      Until recently, and during the time of the event set forth in this Complaint,

        THWAPR's principal place of business was located at 99 Morton Street, New

        York,  New York.

5.      Upon information and belief THWAPR, Inc. recently relocated its principal place

        of business to  Las Vegas, Nevada.

6.      For the purposes of this Complaint, Goldstein and Universal have unity of interest

        and shall collectively be referred to as Plaintiffs or Goldstein.

1

## PRELIMINARY STATEMENT

7.     This case is a simple breach of contract case with no material questions of fact pertaining to the breach.

8.     There is no dispute that defendant THWAPR owes plaintiff for non-payment on a contract.

9.     The defendant has acknowledged that it owes Goldstein Ninety-Five Thousand ($95,000.00) Dollars in past compensation.

10.     The defendant also acknowledges that it owed three additional months in compensation to Goldstein.

11.     The parties entered into a written contract whereby Goldstein served as CEO and President of defendant THWAPR, Inc.

12.     The contract specifically provides for Goldstein to be paid Twenty Thousand ($20,000.00) Dollars a month for his work.

13.     Goldstein was partially paid for his work, however he is owed Two-Hundred and Twenty Five Thousand ($225,000.00) Dollars in accordance with the contract.

14.     The Two-Hundred and Twenty Five Thousand ($225,000.00) Dollars represents One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars in past compensation and Sixty Thousand ($60,000.00) Dollars due to Goldstein in connection with the contract's requirement of three months' notice to Goldstein prior to termination.

15.     Defendant, THWAPR, Inc. has acknowledged the validity of the contract's three-month termination clause.

2

16. Goldstein was terminated without cause in or about February 2012 when the defendant replaced him with new management.

17. The Defendant acknowledges that Goldstein is owed no less than One-Hundred and Fifty Five Thousand ($155,000.00) Dollars under the contract.

18. There is no question that Goldstein is owed money under the contract only the amount differential of approximately Seventy Thousand ($70,000.00) Dollars is in dispute. One-Hundred and Fifty Five Thousand ($155,000.00) Dollars is acknowledged by defendant and Two-Hundred and Twenty Five Thousand ($225,000.00) Dollars properly claimed by Goldstein.

## STATEMENT OF FACTS

19. On or about March 31, 2009 Universal Management/Goldstein enter into a contract with Mobile Video Development, Inc. ("MVDI").

20. MVDI was the predecessor of THWAPR.

21. In accordance with the parties' contract defendant engaged Goldstein through Universal to act as a consultant and requested that Goldstein act as the President and Chief Executive Officer of the corporation.

22. A copy of the contract is attached herewith and is incorporated by reference.

23. Goldstein accepted such engagement and did in fact provide consulting services and acted as President and Chief Executive Officer of MVDI.

24. Goldstein continued to act in that capacity with no change in duties or compensation when MVDI changed name to THWAPR.

25. In accordance with paragraph 3 of to the contract, Goldstein was to be paid $20,000 a month for his services.

26.    Paragraph 3 of the contract specifically provides:

> Compensation: In addition to any compensation otherwise payable to all members of the Board of Directors in their capacities as directors, you shall be compensated at a rate of $20,000.00 per month for each month or part thereof worked on behalf of MVDI. An initial retainer of $20,000.00 shall be payable upon execution of this Agreement against all monthly billings. Compensation shall be payable on the first day of each calendar month commencing April 1, 2009. Invoices will be paid within five (5) days after receipt by MVDI.

27.    Goldstein's duties as President and Chief Executive Officer and member of the Board of Directors were delineated in  paragraph 1 of the contract.

28.    Goldstein performed and fulfilled all his duties as President, CEO, and Board Member as set forth in  paragraph 1 of the contract.

29.    Goldstein performed and fulfilled all his duties as delineated in the parties' contract.

30.    THWAPR is a publicly traded corporation.

31.    THWAPR's principal business is providing technology to mobile devices.

32.    THWAPR is a mobile video sharing service.

33.    Goldstein acted as the CEO and President of THWAPR and its predecessor MVDI without interruption from March, 2009 to on or about February 17, 2012 in accordance with the parties' contract.

34.    THWAPR. assumed all the obligations under Universal and Goldstein's contract with MVDI.

35.    THWAPR assumed all the obligations and assets of MVDI.

36.    Goldstein continued to work in good faith and performed all his duties pursuant to his contract.

37.    Goldstein was paid Twenty Thousand ($20,000.00) Dollars a month in

4

accordance with the contract for a period of time.

38. Beginning in or about December, 2010, payments to Goldstein became more sporadic.

39. Despite not being paid in accordance with the clear terms of the contract, Goldstein continued to act in good faith and perform his duties as President and CEO.

40. As a result, Goldstein was not paid over eight months of monies owed to him – One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars.

41. In or about February, 2012, THWAPR, through its counsel Stephen Weiss, negotiated a line of credit contract with  Ron Singh a/k/a Ron Kang, whose family and affiliates are investors in THWAPR.

42. One of the conditions Singh placed upon executing the contract was Singh's assuming the role of President/CEO and therefore the resignation or termination of Goldstein.

43. After some negotiations with THWAPR Goldstein was terminated without cause.

44. At the same time, Goldstein resigned as a Board Member.

45. The parties acknowledged that the corporation owed Goldstein money for unpaid compensation.

46. The parties further acknowledged that the contract provided for three months notice prior to Goldstein's termination and thus agreed to pay Goldstein three months additional compensation.

47. THWAPR, Inc. through its Chief Financial Officer and general  counsel circulated a listing of creditors to the Board Members immediately prior to the

corporation's vote to accept the Singh agreement and discharge Goldstein without cause.

48.    The debt listed as owing to Goldstein for unpaid compensation was One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars.

49.    The Board by a majority then voted to accept the Singh deal which would make Singh President and CEO and discharging Goldstein without cause.

50.    This change in position was fully effectuated a few days later.

51.    In addition to the One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars owed to Goldstein, the parties specifically addressed and specifically agreed that Goldstein would be entitled to three more months of compensation in accordance with the parties' contract.

52.    Paragraph 4 of the contract specifically provides for THWAPR (and/or it predecessor MDVI) to provide three months' notice to Goldstein before terminating Goldstein.

53.    This three-month termination clause is required whether or not Goldstein was terminated with or without cause.

54.    Accordingly, paragraph 4 of the contract specifically provides

>    Termination:  At least Ninety (90) days advance written notice of termination.

55.    The parties agreed that upon Goldstein's termination that he would give up his positions as CEO and President, however that he would be covered under the contract for an additional Ninety (90) days, the time that would be required for termination under the contract.

56.    This included three months as compensation.

57.    The amount of additional compensation due at Twenty Thousand ($20,000.00)

Dollars a month is Sixty Thousand ($60,000.00) Dollars.

58.    Accordingly, the amount of compensation owed to Goldstein is Two-

Hundred and Twenty Five Thousand ($225,000.00) Dollars.

59.    Additionally, THWAPR agreed and is obligated to indemnify Goldstein in

accordance with the contract.

60.    Paragraph 7 of the contract specifically provides:

> Indemnification.  As a member of the Board of Directors of MVDI and an
> Officer of the Company, you shall be accorded full indemnification by
> MVDI for your acts and omissions as an officer of MVDI, and shall be
> covered by MVDI's directors' and officers' errors and omissions liability
> insurance coverage and, in the event MVDI becomes a company or
> subsidiary of a company with publicly traded securities, MVDI, or such
> parent, shall maintain directors' and officers' errors and omissions liability
> insurance coverage with a limit of at least $5.0 million in coverage.  You
> will be named (or additional) insured on the policy and will be provided
> with a Certificate of Insurance.

## KAYE SCHOLER LEGAL BILL

61.    In addition to compensation, the parties agreed that THWAPR would

indemnify Goldstein in accordance with THWAPR's obligations for legal fees

incurred on behalf of the corporation in connection with an SEC investigation of one of

THWAPR's original investors.

62.    The investor, Sak Narwal, is currently subject to a federal action brought in the

United States District Court of [    ] California.

63.    As a consequence, in or about April, 2010 the SEC conducted an information

inquiry which required Officers of THWAPR. – Goldstein and Barry Hall,

THWAPR's CFO to engage legal counsel to fully cooperate with the

government's inquiry.

7

64.    Both Goldstein and Hall engaged legal counsel in that regard with the specific
       understanding that THWAPR would be responsible for all legal fees
       incurred.

65.    Hall and Goldstein engaged different attorneys at the same firm (Kaye Scholer) in
       connection with the SEC inquiry.

66.    Upon information and belief, all of Hall's legal fees were paid by THWAPR

67     The legal fees incurred by Goldstein on THWAPR, Inc.'s behalf was
       approximately Forty Five Thousand ($45,000.00) Dollars.

68.    This legal bill was agreed to be assumed by THWAPR.

69.    Upon information and belief the Kaye Scholer bill for legal fees has not been fully
       paid.

70.    Goldstein is entitled to a specific indemnification of the Kaye Scholer legal fees.

## STOCK SWITCH

71.    In or about December, 2011 Goldstein and THWAPR, Inc. negotiated to reduce
       the debt acknowledged to be owed from THWAPR, Inc. to Goldstein by Seventy
       Thousand ($70,000.00) Dollars.

72.    In accordance with the parties' understanding the debt owed to Goldstein would
       be reduced by Seventy Thousand ($70,000.00) Dollars for an approximate like
       amount in THWAPR, Inc.'s trading stock.

73.    In accordance with the parties' understanding, with the input of corporate counsel,
       the stock was to be immediately free trading and thus Goldstein would be able to
       promptly realize value of the shares.

74.    Contrary to the corporation's representations and assurances, Goldstein was not

8

able to timely convert these shares into cash and the shares had minimal value.

75.   Despite this, and Goldstein's reasonable reliance upon the corporation's representations and assurances, THWAPR, Inc. currently takes the position that THWAPR, Inc.'s debt for past compensation was reduced by Seventy Thousand ($70,000.00) Dollars from One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars to Ninety-Five Thousand ($95,000.00) Dollars.

76.   Among other things, Goldstein did not receive the consideration for the quid pro quo of reducing THWAPR, Inc.'s debt obligation.

77.   The parties addressed this issue prior to Goldstein's termination as President/CEO and his resignation of the Board.

78.   On the day of the Board's vote to terminate Goldstein without cause and his resignation from the Board, THWAPR. circulated through its CEO and General Counsel, a listing of debts including amounts owed to Goldstein.

79.   This list of debts listed the amount owing to Goldstein as One-Hundred and Sixty-Five Thousand ($165,000.00) Dollars.

80.   The listing of THWAPR's One-Hundred and Sixty-Five Thousand ($165,000.00) debt owed to Goldstein was constructed by its CFO Barry Hall.

81.   The listing of the debt owed by THWAPR. to Goldstein as being One-Hundred and Sixty Five Thousand ($165,000.00) Dollars was specific and unambiguous.

82.   The circulating of this list of debts owed by THWAPR including the One-Hundred and Sixty Five Thousand ($165,000.00) Dollars debt owed to Goldstein was purposely, deliberately and properly distributed to all Board members

immediately prior to the Board's vote of the Singh contract.

83. The amount of One-Hundred and Sixty Thousand ($165,000.00) Dollars was deliberately, purposely, and properly encompassed in the circulated list of debts by the corporation's CFO, Barry Hall.

84. There was absolutely nothing in the deliberate listing of One-Hundred and Sixty Thousand ($165,000.00) Dollars debt owed to Goldstein that can be considered ambiguous.

85. Despite this THWAPR subsequent to the Board meeting and its vote on the Singh contract, improperly expressed the position that Goldstein's debt was reduced by Seventy Thousand ($70,000.00) Dollars.

86. Notwithstanding THWAPR's spurious recalculation of the debt owed to Goldstein, they acknowledged without question that they owed Goldstein at least Ninety-Five Thousand ($95,000.00) Dollars for past compensation.

87. Moreover, despite THWAPR's spurious calculations regarding the Seventy Thousand ($70,000.00) Dollars reduced debt, THWAPR, Inc. acknowledged that it owes Goldstein an additional Sixty Thousand ($60,000.00) Dollars for an additional three months' compensation under the terms of the contract and in accordance with their parties' understanding.

88. Accordingly while some issues are in dispute, THWAPR acknowledges that it owed Goldstein One-Hundred and Fifty Five Thousand ($155,000.00) Dollars in accordance with their contract.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

89.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 88 as set forth herein in full.

90.   Plaintiffs negotiated a contract with MVDI.

91.   Plaintiffs and MVDI executed and performed on the parties' contract.

92.   THWAPR MVDI's successor assumed all terms and obligations under the contract.

93.   Goldstein has been damaged by defendant's actions and breaches of contract.

94.   In accordance with the terms of the contract, Goldstein acted as THWAPR's President and CEO.

95.   Goldstein performed all his duties in good faith and in accordance with terms of the contract.

96.   Goldstein was to be compensated Twenty Thousand ($20,000.00) Dollars a month pursuant to the contract.

97.   THWAPR did not pay Goldstein the full amount due him pursuant to the terms of the contract.

98.   The amount owed to Goldstein in past unpaid compensation is One-Hundred and Sixty Five Thousand ($165,000.00) Dollars.

99.   Goldstein, pursuant to the contract and the parties' agreement, is owed three months' additional compensation

100.   The amount of the three months' additional compensation is Sixty Thousand ($60,000.00) Dollars.

11

101.   Defendant disputes Seventy Thousand ($70,000.00) Dollars that is at issue in this Complaint.

102.   Defendant acknowledged that Ninety-Five Thousand ($95,000.00) Dollars is due to Goldstein by THWAPR.

103.   Defendant currently acknowledges that Ninety-Five Thousand ($95,000.00) Dollars is due Goldstein by THWAPR.

104.   Defendant acknowledged that three months' additional compensation is due to Goldstein in accordance with the parties' contract.

105.   Defendant currently acknowledges that three months' additional compensation is due to Goldstein in accordance with the parties' contract.

106.   The amount of the additional compensation at Twenty Thousand ($20,000.00) Dollars per month is Sixty Thousand ($60,000.00) Dollars.

107.   Defendant acknowledged that more than Ninety-Five Thousand ($95,000.00) Dollars is owed to Goldstein by THWAPR.

108.   Defendant currently acknowledges that more than Ninety-Five Thousand ($95,000.00) Dollars is owed to Goldstein by THWAPR.

109.   Accordingly, judgment should be entered against defendant in an amount to be determined by the court but not less than **Two-Hundred and Twenty Five Thousand ($225,000.00) Dollar**s.

110.   Additionally, judgment directing THWAPR. to specifically indemnify Goldstein for the Kaye Scholer legal bills should be entered.

**WHEREFORE**, Plaintiffs Bruce Goldstein and Universal Management, Inc. seek an Order from the court as follows:

(A)    Awarding Plaintiffs damages on their Cause of Action in an amount to be determined by the Court but no less than **Two-Hundred and Twenty Five Thousand ($225,000.00) Dollars**; and

(B)    Directing Defendant to specifically indemnify Goldstein for all legal bills incurred in connection with the aforementioned SEC investigation, referred to heretofore as the "Kaye Scholer Bills"; and

(C)    Awarding costs of this action, including but not limited to reasonable attorneys' fees; and

(D)    For further and such other relief as this Court deems proper.

Dated:     March 26, 2012
           New York, New York

**JUDAH S. SHAPIRO, ESQ. (JS 4921)**
Attorney for Plaintiffs
**Bruce Goldstein and Universal Management, Inc.**
630 Third Avenue
New York, New York 10017
(212) 953-6633
(212) 949-6943 (fax)

151 North Main Street
New City, New York 10956
(845) 634-8000
(845) 637-8007 (fax)

## VERIFICATION

BRUCE GOLDSTEIN being duly sworn states as follows:

I am a Plaintiff in the action herein and President of Plaintiff Universal Management, Inc.

I have read the annexed Verified Complaint and know the contents thereof, and the same are true

to my knowledge, except those matters therein which are stated to be alleged on information and

belief, and as to those matters I believe them to be true.

_____
BRUCE GOLDSTEIN

Sworn before me this
26th day of March, 2012

_____
NOTARY PUBLIC



SADE R BLONDELL
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Kings County
01BL6166645
MY COMMISSION EXPIRES 05/14/2015